UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MORGAN MCKINLEY,                                                    Plaintiffs
KYLE MCKINLEY

v.                                                   Civil Action No. 3:26-cv-276

ALLSTATE INSURANCE COMPANY                                          Defendant

* * * * *

**MEMORANDUM ORDER & OPINION**

Defendant Allstate Insurance Company ("Allstate") moves to bifurcate. [DE 8]. Plaintiffs

Morgan McKinley and Kyle McKinley ("Plaintiffs") did not file a response; however, the parties

filed two proposed agreed orders stating Plaintiff have no objection to the motion and granting the

motion to bifurcate. [DE 9, DE 10].[1]  The motion is ripe.  For the reasons below, Allstate's Motion

to Bifurcate [DE 8] is **GRANTED in part and DENIED in part**.

## I.        BACKGROUND

Plaintiffs owned property located at 4615 Saratoga Hill Rd. Louisville, Kentucky, and

maintained a property insurance policy covering the property with Allstate. [DE 1-1, Complaint,

at 5-6].  In March 2025, Plaintiffs allege wind and hail damaged the subject property, a covered

cause of loss under the policy. [DE 1-1 at 6].  Plaintiffs assert that they timely reported the loss to

Allstate and that Allstate wrongfully refused to pay the full loss for benefits owed under the policy

and misrepresented facts about the loss and policy.  [*Id*.].

Plaintiffs filed suit in Jefferson Circuit Court, alleging claims of breach of contract,

statutory bad faith under the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"), and

common law bad faith. [DE 1-1].    Allstate removed this case from state court to federal court

_____
[1] The two proposed orders are identical.

under diversity jurisdiction. [DE 1]. Plaintiff alleges that Allstate breached the insurance contract because: (1) Plaintiffs suffered a covered loss under the insurance policy; (2) Allstate failed to pay any or the majority of the benefits due under the Policy; (3) Plaintiffs were damaged by Allstate's breach of the insurance policy; (4) Plaintiffs were damaged and continue to suffer damages from this breach; and (5) Plaintiffs are entitled to compensation for the breach. [*Id*. at 6-7]. Plaintiffs contend that Allstate violated the KUCSPA and common law bad faith, in relevant part, by: (1) misrepresenting insurance policy provisions relating to coverage issues; (2) failing to acknowledge and act reasonably and promptly; (3) failing to adopt and implement reasonable standards for promptly investigation of claims; (4) refusing to pay the claim without conducting a reasonable investigation; (5) not attempting in good faith to effectuate prompt, fair and equitable settlement; (6) attempting to settle for less than the amount a reasonable person would believe entitled by reference to written or printed advertising accompanying or part of the application; (7) compelling Plaintiffs to institute litigation to recover benefits owed under the insurance policy; and (8) failing to promptly provide a reasonable explanation of the basis in the insurance policy for denying the claim. [*Id*. at 7-9].

Allstate now moves to bifurcate the bad faith claims from the breach of contract claim for purposes of discovery and trial, pending resolution of the breach of contract dispute. [DE 8]. Plaintiffs filed no response, but after the motion to bifurcate was filed the parties jointly filed to proposed agreed orders stating the Plaintiffs have no objection to bifurcating and granting the motion to bifurcate. [DE 9, DE 10].[2]

---

[2] The two proposed orders are identical.

## II.    DISCUSSION

### A.  Bifurcation

Pursuant to Federal Rule of Civil Procedure 42(b), the moving party bears the burden of showing that bifurcation of a bad faith claim would: (1) serve the interest of convenience, (2) avoid undue prejudice, or (3) would expedite and economize the judicial proceedings.  *See Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of Am.*, 322 F.R.D. 271, 274 (W.D. Ky. 2017) (citing *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007)).  "Because [t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course, the party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion."  *Pryor v. State Farm Mut. Auto. Ins. Co.*, No. 1:16-CV-312, 2017 WL 354228, at *1 (S.D. Ohio Jan. 23, 2017) (internal quotation marks and citation omitted).  The Sixth Circuit has repeatedly found that "[t]he decision whether to try issues separately is within the sound discretion of the court[.]" *Nelson v. Columbia Gas Transmission, LLC*, 808 F. App'x 321, 329 (6th Cir. 2020) (quoting *Bath & Body Works, Inc. v. Luzier Personalized Cosms., Inc.*, 76 F.3d 743, 747 (6th Cir. 1996)).

Generally, when determining whether to exercise the power to bifurcate, the Court considers "several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson*, 477 F.3d at 339 (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).  "Courts should look to case-specific facts to determine whether bifurcation is proper, placing the burden on the party seeking bifurcation to show separation of issues is the most appropriate course." *Forrest B. White, Jr. Masonry, Inc. v. ABG Caulking Contractors, Inc.*, No. 5:13-CV-00194-TBR, 2014 WL 991734, at *1 (W.D. Ky. Mar. 13, 2014).

"When resolving one issue will likely dispose of other issues, bifurcation may be particularly appropriate." *Royal Consumer Prod. v. Martin Indus., LLC*, No. 3:15-CV-00830-CRS, 2016 WL 3080841, at *1 (W.D. Ky. May 31, 2016). Courts in this district have bifurcated bad faith claims from other claims where resolution of a single claim would be dispositive of the entire case. *See, e.g.*, *Smith*, 403 F.3d at 407; *Austin v. State Farm Fire & Cas. Co.*, No. 1:23-CV-00140-GNS-HBB, 2024 WL 917380 (W.D. Ky. 2024); *Hub at Lovers Lane, LLC v. Cincinnati Ins.*, No. 1:24-CV-00006-BJB-HBB, 2024 WL 1701977 (W.D. Ky. 2024); *Brantley v. Safeco Ins. of Am.*, No. 1:11-CV-00054-R, 2011 U.S. WL 6012554 (W.D. Ky. 2011); *contra Curry v. State Farm Mut. Auto. Ins.*, No. 2:19-CV-4469, 2020 WL 13885993, at *2 (S.D. Ohio May 7, 2020) (noting that [a]lthough the general rule among district courts in Kentucky may be to grant bifurcation, district courts in the Southern District of Ohio routinely deny such motions and collecting cases). Generally, a bad faith claim fails if a plaintiff does not prevail on the coverage issue because "Kentucky law does not provide a bad-faith cause of action unless the plaintiff can prove that the insurance company had a contractual obligation to pay the claim." *Holloway v. Ohio Sec. Ins.*, No. 3:14-CV-00856-CRS, 2015 WL 6870141, at *1 (W.D. Ky. 2015); *See also, Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11-CV-00155, 2013 WL 98059, at 2* (W.D. Ky. 2013) ("Where the bad faith claim depends on the resolution of the underlying contractual dispute regarding the policy of insurance, it is reasonable for a court to resolve the coverage question before allowing the bad faith claim to proceed."). Courts in this district, however, have denied bifurcation where the facts at issue are inextricably intertwined and there is "no purpose to be served by bifurcation of the claims." *See Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213, 215 (W.D. Ky. 2001). Claims are inextricably intertwined when one would offer the same evidence to prove or defeat either claim. *Id.*

4

In this case and at this early stage of the litigation, Plaintiffs' bad faith claims appear intertwined with their breach of contract claim. [*See* DE 1-1]. Under Kentucky law, Plaintiffs must prove the following elements to prevail on either of their bad faith claims: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky.1993) (internal quotation marks omitted); *Shepherd v. Unumprovident Corp.*, 381 F.Supp.2d 608, 612 (E.D. Ky. 2005) (citing *Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176, 178 (Ky. 1989) (the elements are the same whether the bad-faith claim is based in common law or statute). In Kentucky, a breach of contract claim requires the (1) existence of a contract; (2) breach of that contract; and (3) damages flowing from the breach of contract. *Rouse v. Farmer*, 2018 WL 2078030, at *4 (Ky. Ct. App. May 4, 2018). The evidence to be offered by Allstate to establish that it acted with a reasonable basis or upon a reasonable foundation in denying the claim will be the same proof it would offer to counter Plaintiffs' allegation that the insurance contract was breached by the failure to pay the claim. The issues are inextricably intertwined.

That claims may require some of the same proof does not require denying bifurcation where bifurcation furthers the interest of judicial economy. *Dippin' Dots, LLC*, 322 F.R.D. at 274. And in insurance cases, courts have found "[i]ntroducing at trial evidence related to bad faith claims could likely confuse the jury . . ." because jurors may conflate the bad faith claim with breach of contract or negligence claims. *Rowlett v. LM Ins.*, No. 6:20-CV-253-REW, 2021 WL 8998926, at *3 (E.D. Ky. 2021); *see also White*, 2014 WL 991734, at *4. Likewise, "[t]rying the two claims together would be prejudicial because it would unnecessarily interject the issue of bad

5

faith into the primary dispute of liability, thereby . . . complicating the issues at trial . . ." *Id.* (citing *White*, 2014 WL 991734, at *44). Accordingly, bifurcation would likely prevent jury confusion and prejudice to Allstate. Further, Plaintiffs have not objected to bifurcation.

Weighing the factors, the Court finds some form of bifurcation of the trial in this matter appropriate. Therefore, the Court will bifurcate the bad faith claims from Plaintiffs' other claims during trial and **GRANTS** Allstate's Motion in this regard. [DE 8]. However, bifurcation does not necessarily mean severance of claims into two separate trials. *Brown v. Tax Ease Lien Invs., LLC*, 77 F. Supp. 3d 598, 604 (W.D. Ky. 2015). The court could bifurcate the claims within the same trial, with the jury only learning about the bad faith claims after a verdict on the breach of contract claim. The Court reserves the right to determine later, for instance after resolving dispositive motions, how bifurcation of the trial will occur.

### B. Stay Discovery

Allstate also asks the Court to bifurcate the claims for purposes of discovery, which is essentially a motion to stay discovery as to the bad faith claims. [DE 8 at 31]. "Although bifurcation of the trial does not necessarily require bifurcation of discovery, the decision to stay [] discovery is within the discretion of the trial court." *O'Hara v. Laurel Cnty. Corr. Ctr.*, No. 6:23-CV-026-CHB, 2023 WL 5729212, at *11 (E.D. Ky. Sept. 5, 2023) (quoting *Riedling v. Motorists Ins. Grp.*, No. CV-11-47-DLB, 2011 WL 13228003, at *2 (E.D. Ky. June 8, 2011) (cleaned up)). Like bifurcation, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). However, the issue of bifurcation is independent of staying discovery. *Warner as Trs. for Bernard Ridge Church of God v. State Auto Prop. & Cas. Ins. Co.*,

No. 118-CV-168-GNS-HBB, 2019 WL 13218779, at *3 (W.D. Ky. Apr. 30, 2019). "Stay is appropriate where claims may be dismissed based on legal determinations that could have been altered by any further discovery." *Id*. (citing *Gettings*, 349 F.3d at 304). Thus, it is in the Court's discretion to bifurcate the claims, yet not hold discovery in abeyance. *See id*.

As discussed above, Plaintiffs' breach of contract and bad faith claims are inextricably intertwined. *See Tharpe*, 199 F.R.D. at 215. "[B]ecause the lines between these claims are somewhat blurred in this case, any bifurcation of discovery would inevitably lead to more litigation about where the line between permissible discovery and deferred discovery would be drawn and would create inefficiencies such as multiple depositions of the same witnesses." *O'Hara v. Laurel Cnty. Corr. Ctr.,* No. 6:23-CV-026-CHB, 2023 WL 5729212, at *12 (E.D. Ky. Sept. 5, 2023) (quoting *Duggan v. The Vill. of New Albany*, 2009 WL 2132622, at *4 (S.D. Ohio 2009)). A stay of discovery on the bad faith claims not lend itself to convenience and economy, as discovery for the two claims "overlap and involve the same parties, actions, inactions and time frame." *Id*. Therefore, because Plaintiffs' claims overlap and involve the same parties, actions, inactions, and timeframes, and otherwise require some of the same evidence to prove each, Allstate's request for bifurcation for purposed of discovery [DE 8] is **DENIED**. Further, it would not make sense to bifurcate discovery where the Court, as here, contemplates bifurcation of the claims within the same trial.

## CONCLUSION

Having thus considered the filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1) Allstate's Motion for Bifurcation [DE 8] is **GRANTED IN PART as to the trial in this matter.** The Court will determine how bifurcation at trial will occur closer to the trial date.

7

8

(2)  Allstate's Motion for Bifurcation [DE 8] is **DENIED IN PART as to discovery**.

Rebecca Grady Jennings, District Judge
United States District Court

May 4, 2026